O

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| MANUEL GONZALEZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. L-05-00228 |
| | § | |
| JO ANN BARNHART, *et al*., | § | |
| | § | |
| Defendant. | § | |

**OPINION & ORDER**

Pending before the Court is Defendants Jackie Delgadillo, Angie Lopez, Jose Aguilar, Maria Whipps, and Melissa Arias' [Defendants] Motion to Dismiss Plaintiff's Employment Discrimination Complaint [Motion to Dismiss].  On November 21, 2005, Plaintiff Manuel Gonzalez filed his Employment Discrimination Complaint with the Court.  [Dkt. No. 1].  On February 27, 2005, Defendants filed this Motion to Dismiss.  Upon due consideration of the pleadings, the record and the relevant authorities, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's Employment Discrimination Complaint.

**Discussion**

Plaintiff has raised several claims of employment discrimination against Defendants for "Sex (gender Male), National Origin, Age, Disability, Single Parent Male, Sexual orientation, Freedom of Speech, Whistle Blower retaliation, Wrongful Termination, Harassment and Sexual Harassment" discrimination.  Plaintiff appears to allege claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17 (2000) (as amended); the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-34 (2000) (as amended) [ADEA]; and the Rehabilitation Act of 1973, 29 U.S.C. §§ 701-796l (2000) (as amended).[1] These provisions do not create liability against individual employees.  *See* 42 U.S.C. § 2000e-2; 29 U.S.C. § 623; 29 U.S.C. § 794(a)(1) (adopting Title VII procedures in Rehabilitation Act cases).

Plaintiff's employer was the Social Security Administration in Laredo, Texas [SSA]. Plaintiff can bring a civil action against the SSA and must name the "head of the department, agency or unit, as appropriate" as the defendant in his civil action.  *Honeycutt v. Long* , 861 F.2d 1346, 1349 (5th Cir. 1988) (citing 42 U.S.C. § 2000e-16(c); *Lehman v. Nakshian* , 435 U.S. 156, 168 n. 15 (1981) ("measures used to protect Federal employees [from age discrimination] would be substantially similar to those [in Title VII]"); 29 U.S.C. § 794(a)(1) (adopting Title VII procedures in Rehabilitation Act cases)).  However, none of Defendants are the head of the SSA; they are simply employees.  [*See* Dkt. No. 29 at 1].  The head of the SSA

---

[1] Plaintiff does mention employment discrimination claims for "Freedom of Speech" and "Harassment and Sexual Harassment."  Such claims might be classified as 42 U.S.C. § 1983 (2000) claims and might be brought against co-workers.  However, Plaintiff only alleges adverse employment actions motivated by discriminatory intent.  Moreover, he classifies these claims as "employment discrimination" claims.  Accordingly, the Court interprets Plaintiff's Employment Discrimination Complaint as alleging only employment discrimination claims and not § 1983 claims.

is Defendant Commissioner Jo Ann Barnhardt.  *See* 42 U.S.C. § 902(a)(4).  As employees, Defendants are not subject to suit under Title VII, the ADEA or the Rehabilitation Act.

Accordingly, the Court DISMISSES Plaintiff's employment discrimination claim against these Defendants.  Plaintiff still has a live cause of action against Defendant Barnhart.

IT IS SO ORDERED.

DONE this 26th day of July, 2006 in Laredo, Texas.

Micaela Alvarez
United States District Judge

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS NOTICE SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**