O

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## LAREDO DIVISION

| | | |
|---|---|---|
| **MANUEL GONZALEZ**, | § | |
| *Plaintiff*, | § § § | |
| v. | § § | Civil Action No. 5:05-cv-228 |
| **JO ANNE BARNHART, Commissioner,** **Social Security Administration**, | § § § § | |
| *Defendant*. | § § § | |

## OPINION & ORDER

Pending before the Court is Defendant's Motion for Summary Judgment. [Dkt. No. 48]. Upon due consideration of the filings and the governing law, the Court GRANTS Defendant's Motion.

### I. PROCEDURAL HISTORY AND RELEVANT FACTS

From June 2001 to February 2002, Plaintiff, having been newly hired, was a trainee at the Laredo office of the United States Social Security Administration (SSA). Plaintiff alleges he was, in February of 2002, unlawfully terminated based on characteristics such as his sex, national origin, and race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17. He also asserts claims under the Age Discrimination in Employment Act and the Rehabilitation Act, which forbids discrimination based on physical disability. [Dkt. No. 46 at 2]. On January 25, 2007, Defendant filed the Motion for Summary Judgment now before the Court. [Dkt. No. 48].

**II.     DISCUSSION**

Federal Rule of Civil Procedure 56(c) provides for summary judgment if "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 263 (1986). An issue is genuine "if the evidence is such that a reasonable [trier of fact] could return a verdict for the non-moving party." *Id.* at 261. The Court reviews the record by drawing all inferences most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)). Once a moving party has met its burden, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e).

Assuming no genuine issue exists as to the material facts, the Court will then decide whether the moving party shall prevail solely as a matter of law. *Id.* The moving party is entitled to judgment as a matter of law if "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

With specific references to the record, Defendant thoroughly supports her basis for arguing the absence of genuine fact issues with regard to all of Plaintiff's claims. Thus, Plaintiff bears the burden of demonstrating how his evidence indeed warrants a trial.

Per the Court's previous inclusive construction of his *pro se* complaint, Plaintiff alleges all types of discrimination cognizable under Title VII, as well as "whistle blower retaliation," "wrongful termination," "[denial of his] freedom of speech," and discrimination based on parental status. [Dkt.

No. 46 at 2]. Assuming all of these phrases correspond to cognizable causes of action—a generous assumption—Plaintiff's evidence appears to be devoted solely to his claim of sex discrimination under Title VII. Accordingly, since Plaintiff does not make a serious attempt to present triable issues as to most of his claims, the Court will address in detail only whether Plaintiff's claim of sex discrimination, based on the evidence presented, warrants a jury trial.

Title VII provides that "[i]t shall be an unlawful employment practice for an employer . . . to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex . . . ." 42 U.S.C. § 2000e-2(a)(1). A plaintiff can prove Title VII sex discrimination through either direct or circumstantial evidence. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 345 (5th Cir. 2007); *Laxton v. Gap, Inc.*, 333 F.3d 572, 578 (5th Cir. 2003).

Plaintiff has provided no direct evidence of discrimination. Rather, he provides only his self-serving affidavit, in which he alleges that, as one of only a handful of male employees at the Laredo SSA office, he suffered sexist antagonism from female employees disdainful toward newly hired and unwelcome males entering their insular "snake pit." Thus, Plaintiff must rely completely on circumstantial evidence to prove unlawful discrimination. A discrimination claim premised on circumstantial evidence will survive summary judgment only if the plaintiff advances a *prima facie* case of such discrimination. *Turner*, 476 F.3d at 345 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973)); *Rutherford v. Harris County*, 197 F.3d 173, 179-80 (5th Cir. 1999). To make such a showing, a plaintiff must establish that he: "(1) is a member of a protected class; (2) was subjected to an adverse employment action; (3) was qualified for [the] position [in question;] and (4) was replaced by someone outside of the protected class." *Turner*, 476 F.3d at 345. First, Plaintiff is male; second, he was terminated prior to filing suit; third, Defendant does not dispute that Plaintiff was qualified for the position from which he was terminated; and fourth, Defendant

admits the resulting vacancy was filled by a female, [Dkt. No. 48 at 11-12]. Thus, Plaintiff has established a *prima facie* case of unlawful sex discrimination under Title VII.

"If a plaintiff is successful in establishing a prima facie case of discrimination, the employer must rebut a presumption of discrimination by articulating a legitimate, nondiscriminatory reason for the adverse employment action." *Turner*, 476 F.3d at 345; *Auguster v. Vermilion Parish Sch. Bd.*, 249 F.3d 400, 402 (5th Cir. 2001). If the employer is able to do so, the burden shifts back to the plaintiff to "present substantial evidence that the employer's reason was [a] pretext for discrimination." *Id.* Defendant claims, and has provided evidence, that Plaintiff was terminated due to his repeated failure to return form lunch breaks in a timely manner; this evidence is in the form of affidavits by several employees of the SSA, including Laredo SSA managerial staff. [Dkt. No. 48 at 12; Dkt. No. 48, Ex. D at 45, Ex. F at 5, Ex. G. 11-13 ]. Defendant has advanced a legitimate nondiscriminatory reason for terminating Plaintiff.

Plaintiff must now "present substantial evidence" that the SSA's proffered reason was merely a pretext for unlawful discrimination. *See Turner*, 476 F.3d at 345 ("If the plaintiff can show that the proffered explanation is merely pretextual, that showing, when coupled with the prima facie case, will usually be sufficient to survive summary judgment."). The Fifth Circuit has noted that conclusory assertions via self-serving affidavits are insufficient to create a genuine fact issue as to discriminatory pretext. *Id.* at 345-46; *see also DIRECTV Inc. v. Budden*, 420 F.3d 521, 531 (5th Cir. 2005) (rejecting a party's attempt to demonstrate a genuine fact issue with merely a "conclusory and self-serving affidavit"); *Am. Heritage Life Ins. Co. v. Orr*, 294 F.3d 702, 710 (5th Cir. 2002) ("Other than their self-serving affidavits, [a]ppellants have not submitted a whisper of evidence to support the conclusion that a jury trial is warranted . . . ."); *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001); *Bhatia v. Johnston*, 818 F.2d 418, 421-22 (5th Cir. 1987); *Excalibur Paint & Coatings Inc. v. Ashland Inc.*, 2006 U.S. Dist. Lexis 70067 (N.D. Tex. 2006) ("A non-moving party

cannot use a self-serving affidavit to create a fact issue for the purpose of avoiding summary judgment."). Rather, the plaintiff "must offer specific evidence refuting the factual allegations underlying [the employer's stated] reasons for . . . termination." *Turner*, 476 F.3d at 346.

Beyond his self-serving affidavit, Plaintiff has provided no evidence that he suffered unlawful discrimination. Plaintiff does provide the affidavit testimony of a coworker, Andres Saldivar, [Dkt. No. 49-9], who claims to have overheard one or two uncivil comments by a female manager directed toward Plaintiff. For example, Saldivar claims to have overheard Plaintiff's manager insinuate that Plaintiff is homosexual. [Dkt. No. 49-9 at 4-5]. Such comments hardly give rise to a genuine fact issue as to whether Defendant's nondiscriminatory reason for terminating Plaintiff was pretextual.[1]

Because Defendant has advanced a nondiscriminatory reason for terminating Plaintiff, and since Plaintiff is unable to produce evidence indicating that Defendant's proffered reason was merely a pretext for unlawful discrimination, Defendant's Motion for Summary Judgment, [Dkt. No. 48], is **GRANTED** as to all of Plaintiff's claims.

IT IS SO ORDERED.

Done this 30th day of July, 2007, in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**

---

[1] In the event Plaintiff, in his catchall complaint, attempts to state a distinct Title VII hostile work environment claim, that cause of action must be premised on more than the "mere utterance of an . . . epithet which engenders offensive feelings . . . ." *DeAngelis v. El Paso Mun. Police Officers Ass'n*, 51 F.3d 591, 595-96 (5th Cir.1995).